# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| RENEE WYN, | * | |
| Petitioner, | * | No. 19-1343V |
| | * | Special Master Christian J. Moran |
| v. | * | Filed: August 28, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

John Robert Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner;
Elizabeth Andary, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Renee Wyn's motion for final attorneys' fees and costs. She is awarded **$162,516.80**.

## I. Procedural History

On September 3, 2019, Renee Wyn ("petitioner"), filed a petition for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that the influenza ("flu") vaccine she received on or about August 29, 2016, caused her to suffer from Guillain-Barre Syndrome

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

("GBS"). On November 10, 2025, the parties filed a joint stipulation which the undersigned adopted as his decision on the same day. 2025 WL 3513068.

On December 3, 2025, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees in the amount of $156,795.90, and attorneys' costs in the amount of $13,560.70, for a total request of $170,355.90. Fees App. at 1. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. Fees App. Ex. 2. On December 16, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. On the same day Petitioner filed a reply, and on August 28, 2026, petitioner filed additional documentation to support her requested costs. Fees App. Ex. 1C.

## II. Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for his attorney, Mr. John Howie: $383.00 per hour for work performed in 2018, $395.00 per hour for work performed in 2019, $420.00 per hour for work performed in 2020, $441.00 per hour for work performed in 2021, $466.00 per hour for work performed in 2022, $492.00 per hour for work performed in 2023, $520.00 per hour for work performed in 2024, and $570.00 per hour for work performed in 2025. Fees App. at 1, Ex. 1B. Petitioner also requests between $50.00-$195.00 per hour for work performed by paralegal Elisa Bautista. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel for his Vaccine Program work. See, e.g. Sites v. Sec'y of Health & Human Servs., No. 23-492V, 2025 WL 2642642 (Fed. Cl. Spec. Mstr. Aug. 15, 2025). Accordingly, the requested hourly rates are reasonable.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable, but a reduction is necessary due to the following issues. First, Mr. Howie billed time for tasks which are more paralegal in nature such as requesting medical records from providers and preparing exhibits for filing. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested

costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Second, Ms. Bautista billed time for review of documents which Mr. Howie had also billed time to review, leading to an excessive amount billed for their review. Finally, a similar problem is the amount of interoffice communication between Mr. Howie and his paralegal concerning the drafting of documents and their filing, which has led to an excessive amount billed for these tasks.

Accordingly, to accomplish rough justice, the undersigned shall apply a 5% reduction the final award of attorneys' fees, resulting in a reduction of **$7,839.80**. Petitioner is therefore awarded final attorneys' fees of $148,956.10.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $13,560.70 in attorneys' costs. See Fees App. at 1, Exs. 1B, 1C. These costs are comprised of photocopies, postage, the Court's filing fee, acquiring medical records, two hearing transcripts, costs associated with renting a courtroom and laptop for the hearing, and expert services provided by Dr. James Buswinka. See Fees App. Ex. 1C.

Petitioner paid Dr. Buswinka, her treating neurologist at the time of vaccination, a flat $2,500.00 retainer[2] to testify at the fact hearing regarding onset held on February 20-21, 2025. Fees App. Ex. 1C at 15. No contemporaneous billing records were submitted to support the reimbursement Dr. Buswinka's retainer. The hearing transcript reveals that on the first day of testimony, Dr. Buswinka testified for approximately four hours. See Onset Hearing Tr. 362:8-482:10, Feb. 20, 2025. Additionally, regarding Dr. Buswinka's retainer, petitioner explained, "Dr. Buswinka spent time preparing for his testimony, as he testified during the hearing, and he also spent nearly the entire day on the first day of the hearing observing and/or testifying." Fees App. at 10.

Under the Vaccine Program's practice guidelines, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the

[2] While is no invoice in the record for Dr. Buswinka, there is a copy of the check and check stub reflecting that Dr. Buswink was paid a $2,500.00 retainer, and the check stub notes "5 hours at $500 per hour." Fees App. Ex. 1C at 19.

amount of time spent on each task." See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." Id. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. See Vogler v. Sec'y of Health & Human Servs., No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). This is true even if an expert is only paid a retainer fee. Although Dr. Buswinka did not provide detailed billing records, based on the amount of time he spent testifying at the hearing, in addition to any time he may have required to prepare for the hearing, the undersigned finds that the amount he billed was reasonable and will award it in full. Counsel is cautioned that a future failure to provide contemporaneous billing records for expert services could result in a reduction or denial of compensation for those costs.

The undersigned has reviewed all of the costs and finds them to be reasonable. Respondent did not object to the costs sought. Accordingly, the attorneys' costs shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs in the amount of **$13,560.70**.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$162,516.80** (representing $148,956.10 in attorneys' fees and $13,560.70 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.